1

2

3

4

5

6

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9    ANNE BLOCK, an individual

10                          Plaintiff,

11   vs.

12   SNOHOMISH COUNTY, a Washington County
     and Municipal Government; THE CITY OF
13   GOLD BAR, a Washington Municipal
     Corporation;  JOE BEAVERS, individually and
14   in his capacity as defendant City of Gold Bar
     Council Member, Mayor and Public Records
15   Officer; CRYSTAL PENNINGTON (nee HILL),
     her marital community with defendant John
16   Pennington, her husband,  individually, and in
     her official capacity as defendant City of Gold
17   Bar Mayor; FLORENCE DAVI MARTIN,
     individually and in her official capacity as
18   defendant City of Gold Bar Council Member;
     CHRISTOPHER MICHAEL WRIGHT,
19   individually and in his official capacity as
     defendant City of Gold Bar Council Member;
20   TAMERA DOHERTY, individually and in her
     official capacity as defendant Snohomish County
21   Department of Emergency Management
     Assistant Deputy Director; JOHN
22   PENNINGTON, his marital community with
     defendant Crystal Pennington, his wife,
23   individually, and in his official capacity as
     Director of Snohomish County Department of

24

25

Civil Case No.

COMPLAINT FOR:

1.   42 USC § 1983 VIOLATIONs-DAMAGES,
     and EQUITABLE RELIEF, and

2.  42 USC § 1988 COSTS and ATTORNEY
    FEES

**JURY TRIAL DEMANDED**

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  1

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

Emergency Management; AARON REARDON individually and in his official capacity as Snohomish County Executive; KEVIN HULTEN individually and in his official capacity as an employee of defendant Snohomish County; CHRISTOPHER SCHWARTZEN, individually and in his official capacity as an employee of defendant Snohomish County; BRIAN PARRY, individually and in his official capacity as an employee of defendant Snohomish County; JON RUDICIL individually and in his official capacity as an employee and public records officer of defendant Snohomish County; DIANA ROSE, individually and in her official capacity as an employee and public records officer for defendant Snohomish County.

Defendants

Comes now the Plaintiff, Anne Block, and for causes of action pursuant to 42 USC §§ 1983 and 1988 against the above named defendants alleges as follows:

## I.  JURISDICTION AND VENUE

1.1 The acts and omissions alleged in this Complaint occurred within the geographical and

jurisdictional boundaries of the United States District Court for the Western District of

Washington by persons located and residing therein.

1.2 The causes of action alleged herein constitute a case or controversy within the meaning

and requirements of the Article III § 2 of the United States constitution,  and the Plaintiff

has standing to bring this action.

1.3 This Court has jurisdiction to adjudicate the federal questions and claims asserted herein,

and to provide requested remedies pursuant to 28 USC § 1331, 42 USC § 1983 and 42

USC § 1988.  The defendants are persons, who acted under color of state and local law,

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  2

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

who have deprived the Plaintiff of liberty and due process rights secured by the First, Fifth and Fourteenth Amendments to the United States constitution, retaliating against Plaintiff for her exercise of those rights, and proximately causing the damages more explicitly set out below.

## II.      PARTIES

2.1 **PLAINTIFF BLOCK**:   The plaintiff, Anne Block, is a single woman who is competent to bring this action.  She resides within the City of Gold Bar, is a citizen thereof and is an attorney licensed to practice in the State of Washington, with an office in Monroe, Washington.  She has exercised speech and petition rights secured to her by the First and Fourteenth Amendments to the United States Constitution.  For exercising her constitutional rights the defendants conducted a campaign of prohibited retribution and retaliation, individually and collectively.  All of the Defendants acted under color of law and / or in concert and agreement with other persons acting under color of law.

2.2 **DFENDANT SNOHOMISH COUNTY**:  Defendant Snohomish County Washington is a Washington State County and Municipal Corporation whose officials and employees, as a matter of policy, custom and usage of the County, and with the power conferred upon them by Snohomish County, retaliated collectively and in concert and in agreement with the other named defendants against the Plaintiff to wrongfully injure Plaintiff for exercising her First Amendment Rights.

2.3 **DEFENDANT CITY OF GOLD BAR**:  Defendant City of Gold Bar is a Washington Municipal Corporation whose officials and employees, as a matter of policy, custom and usage of the City, and with the power conferred upon them by the City of Gold Bar, retaliated collectively, in concert and in agreement with the other named defendants

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  3

against the Plaintiff to wrongfully retaliate against and injure her for exercising her First Amendment rights.  The City of Gold Bar appoints members to its Finance Committee, refuses to post meeting notices for said Committee, and has violated the Open Public Meetings Act by holding meetings outside and refusing to allow citizens to participate , which wrongly delegated arbitrary and capricious authority to both City officials and friends of city officials,   in violation of the petition, speech, due process and equal protection rights and liberties guaranteed to Plaintiff and other citizens by the First, Fifth and Fourteenth Amendments to the US constitution. The City of Gold Bar also adopted Resolution 14-10, which wrongly delegated arbitrary and capricious authority to City officials in violation of the petition, speech, due process and equal protection rights and liberties guaranteed to Plaintiff and other citizens by the First, Fifth and Fourteenth Amendments to the US constitution.

2.4  **DEFENDANT JOE BEAVERS**:  Defendant Joe Beavers is the Mayor of the City of Gold Bar, acted and lives within the geographical and jurisdictional boundaries of this court.  He is a person who, individually and in concert and agreement with other persons, acted under color of law to deprive Plaintiff of rights guaranteed by the United States constitution by retaliating against her for exercising those rights.  He conspired with others to retaliate against the Plaintiff.

2.5  **DEFENDANT FLORENCE DAVI MARTIN** is a council member for the City of Gold Bar, acted and lives within the geographical and jurisdictional boundaries of this court.  She is a person who, individually and in concert and agreement with other persons, acted under color of law to deprive Plaintiff of rights guaranteed by the United

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  4

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

States constitution by retaliating against her for exercising those rights. She conspired with others to retaliate against the Plaintiff.

2.5 **DEFENDANT CRYSTAL PENNINGTON:** Defendant Crystal Pennington (nee Hill) was, at material times, the Mayor of the City of Gold Bar, acted and lives within the geographical and jurisdictional boundaries of this court. She is a person who, individually and in concert and agreement with other persons, acted under color of law to deprive Plaintiff of rights guaranteed by the United States constitution by retaliating against her for exercising those rights. She conspired with others to retaliate against the Plaintiff. She is currently the wife of Defendant Snohomish County employee John Pennington, and they constitute a marital community under the laws of the State of Washington.

2.6 **DEFENDANT CHRISTOPHER MICHAEL WRIGHT:** Defendant Christopher Michael Wright was at material times a member of the City Council for the City of Gold Bar, who acted and lives within the geographical and jurisdictional boundaries of this court. He is a person who, individually and in concert and agreement with other persons, acted under color of law to deprive Plaintiff of rights guaranteed by the United States constitution by retaliating against her for exercising those rights. He conspired with others to retaliate against the Plaintiff.

2.7 **DEFENDANT JOHN PENNINGTON:** Defendant John Pennington is the Director of the Snohomish County Department of Emergency Management, who acted and lives within the geographical and jurisdictional boundaries of this court. He is a person who, individually and in concert and agreement with other persons, acted under color of law to deprive Plaintiff of rights guaranteed by the United States constitution by retaliating

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page 5

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA 98272
Tele: 206-326-9933

against her for exercising those rights.  He conspired with others to retaliate against the Plaintiff.  He is currently the husband of Defendant Crystal Pennington, and they constitute a marital community under the laws of the State of Washington.

2.8 **DEFENDANT AARON REARDON:**  Defendant Aaron Reardon was at all material times the County Executive for Snohomish County. He acted and lives within the geographical and jurisdictional boundaries of this court.  He is a person who, individually and in concert and agreement with other persons, acted under color of law to deprive Plaintiff of rights guaranteed by the United States constitution by retaliating against her for exercising those rights.  He conspired with others to retaliate against the Plaintiff.

2.9  **DEFENDANT DIANA ROSE:**  Defendant Diana Rose was at all material times the employee and public records officer for Snohomish County's Department of Emergency Management.  She acted and lives within the geographical and jurisdictional boundaries of this court.  She is a person who, individually and in concert and agreement with other persons, acted under color of law to deprive Plaintiff of rights guaranteed by the United States constitution by retaliating against her for exercising those rights.  She conspired with others to retaliate against the Plaintiff.

2.10  **DEFENDANT KEVIN HULTEN:**  Defendant Kevin Hulten was at all material times an employee and assistant to Snohomish County Executive Aaron Reardon. He acted and lives within the geographical and jurisdictional boundaries of this court.  He is a person who, individually and in concert and agreement with other persons, acted under color of law to deprive Plaintiff of rights guaranteed by the United States constitution by retaliating against her for exercising those rights.  He conspired with others to retaliate against the Plaintiff.

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  6

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

2.12. **DEFENDANT JON RUDICIL:**  Defendant Jon Rudicil was at all material times an employee and assistant to Snohomish County Executive Aaron Reardon. He acted and lives within the geographical and jurisdictional boundaries of this court.  He is a person who, individually and in concert and agreement with other persons, acted under color of law to deprive Plaintiff of rights guaranteed by the United States constitution by retaliating against her for exercising those rights.  He conspired with others to retaliate against the Plaintiff.

2.13 **DEFENDANT TAMERA DOHERTY:**  Defendant Tamera Doherty was at all material times the employee and assistant Deputy to Snohomish County Director of Emergency Management for defendant Snohomish County. She acted and lives within the geographical and jurisdictional boundaries of this court.  She is a person who, individually and in concert and agreement with other persons, acted under color of law to deprive Plaintiff of rights guaranteed by the United States constitution by retaliating against her for exercising those rights.  She conspired with others to retaliate against the Plaintiff.

2.14 **DEFENDANT CHRISTOPHER SCHWARTZEN** was at all material times an employee and assistant to Snohomish County Executive Aaron Reardon. He acted and lives within the geographical and jurisdictional boundaries of this court.  He is a person who, individually and in concert and agreement with other persons, acted under color of law to deprive Plaintiff of rights guaranteed by the United States constitution by retaliating against her for exercising those rights.  He conspired with others to retaliate against the Plaintiff.

2.15 **DEFENDANT BRIAN PARRY** was at all material times an employee and assistant to Snohomish County Executive Aaron Reardon. He acted and lives within the geographical and jurisdictional boundaries of this court.  He is a person who, individually and in concert and agreement with other persons, acted under color of law to deprive Plaintiff of rights guaranteed by the United States constitution by retaliating against her for exercising those rights.  He conspired with others to retaliate against the Plaintiff.

## III.    FACTUAL ALLEGATIONS

3.1     Plaintiff Block is an attorney, a civil rights advocate and a citizen of the City of Gold Bar and the County of Snohomish.  Plaintiff also has a blog called the "Gold Bar Reporter," which reports on government and government officials in Snohomish County and Gold Bar.  As early as 2008 and continuing to the present day the Plaintiff learned of misfeasance, malfeasance, and corruption within city and county government, and has attempted to exercise her rights guaranteed by the speech and petition provisions of the First Amendment to the United States constitution to learn and report on the ongoing activities of county and city officials up to the date of filing this complaint.

3.2     The City of Gold Bar channels its citizen's First Amendment speech and petition rights through a system of formal written public records requests and responses, as does Snohomish County.

3.3     Plaintiff first began attempting to get information from the City of Gold Bar in late 2008 by filing petitions with the city known as Public Records Requests.  ("PR requests")   The initial PR requests attempted to learn information about alleged

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  8

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

tampering of the city's water wells, theft of city funds by its water employees, and a "settlement" allegedly approved by then Mayor Crystal Hill to compensate the employee for the termination of the employee's job. The early requests included requests for copies of electronic communications, including e-mails and records relating to the tampering of the City's water system. The City was not equipped or organized to respond to such citizen requests. City e-mail traffic, for example, existed in some instances only on the private cell phones, computers, Blackberries and such owned by city officials, such as Mayor Hill and Gold Bar city council members. Other forms of information existed in paper form only, and the city had no network among city computers or organization of information electronically stored on the various parts. Eventually, the City was forced to hire an IT specialist and attorneys to gather city information from private devices owned by its officials and to set up the city system for responding to citizen petitions for information. The city, the city mayor and city council member defendants named above resisted and stalled in response to the PR requests, and responses were tardy and incomplete, which spawned additional PR requests, many of which are still outstanding. They agreed among themselves to retaliate against the Plaintiff.

3.4     The following list of retaliatory acts, though not exhaustive, were typical of the continuous and ongoing retaliatory actions of the defendants City of Gold Bar, and its Mayor and City Council members:

    a) Agreed to harm my law practice, my finances, my emotional health, my reputation and my physical safety;

    b) Accused me of being mentally ill;

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  9

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

c)  Maligned and untruthfully belittled my law practice;

d)  Filed, in conjunction with Defendants Crystal (Hill) Pennington, Joe Beavers, city attorneys Margaret King and Mike Kenyon, WSBA complaints against me using public resources;

e)  Published on its web site the names of citizens making PR requests, designed to chill the exercise of First Amendment Rights within the city;

f)  Publicly claimed that Plaintiff was responsible for the city's technical and legal costs incurred by the city to retrieve scattered information and costs incurred by the city to comply with state law regulating Public Records requests, an obligation that had existed, but been neglected by the city, since 1972 when the state statute required compliance, and before that pursuant to the First Amendment to the United States constitution.

g)  Publically stating to another city council member that "I have no use for non-Christians like Block."

h)  Telephoned federal administrative law judge in San Francisco where I practice administrative law pursuant to the Equal Employment Opportunity Commission to complain of my first amendment activity and contacted and interfered with client organizations for supposed, but non-existent, information regarding me;

i)  Contributed defamatory, derogatory, untruthful and harmful articles about me to the Sky Valley Chronicle, an on-line blog-newspaper at least partly controlled by defendants Aaron Reardon, Christopher Schwarzen, John Pennington, Brian Parry, and Joe Beavers, and Crystal Pennington.  City of Gold Bar's Mayor Joe Beavers and Council members Christopher M. Wright and Florence Davi Martin

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  10

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

encouraged the Sky Valley Chronicle and through postings incited and encouraged ridicule of, threatened violence against, the Plaintiff;

j)  Ignored criminal complaints I filed with city and county law enforcement officers concerning persons sent by the defendants to my law office to scatter contents, and to my home to toss litter, dead rats, and debris onto my yard and to warn me to "stop or pack up and leave."

k)  Publishing false information about me.

l)  Refused to protect all records relating to me from loss or destruction, even after receiving a litigation hold to preserve all records relating to me.

m)  Held city council meetings in violation of Gold Bar Ordinance 2.04.020 which mandates agendas and limits public comments. Instead the City held "Town Hall" style meetings, allowing friends of the council and/or mayor to speak and shout and disrupt meetings freely from the audience. They also threatened my life, and physical safety at those meetings;

n)  In October 2010 adopted Gold Bar Ordinance/ Resolution 10-14, which purported to delegate unfettered, arbitrary and capricious power to the city public records official, defendant Beavers in this case, to sort and delay public records requests he deemed "long."  The city and Beavers use the ordinance to promptly provide records to the mayor's friends, but to place other requests from Plaintiff and other Gold Bar open government supporters on indefinite hold.  The ordinance contains no standards to guide exercise of the discretion delegated and is an artifice to justify the city's opposition to, and evasion of, Plaintiff's First Amendment rights, which still are ignored and/or mostly unanswered as ;ate as

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  11

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

2009.  That city ordinance also arbitrarily restricts city response time to "12 hours per month," at a time when:  1) water employees have stolen from the city and been rewarded; 2) the city clerk stole from the city; 3) the city bank account was "hacked" for more than $400,000.00 dollars over a multi-month period; 4) the city has been transferring money wrongfully from a dedicated "water fund" utility account to its general account; 5) created a Storm Water Drain Fund to cover up the City's misappropriation of public funds from the Street Water Fund to fund litigation since 2009; 6) city employees and officials have used city vehicles and equipment for personal use; 7) the city budgeting process is deliberately abused to cover and implement the malfeasance; 8.)  city answered public records request for friends without placing friends of city staff on city's priority list; 9.)  defendants' employees were using the Sky Valley Chronicle to write and post defamatory and untruthful articles about Plaintiff; and 10.) the Mayor of Gold Bar, Crystal Hill, a non-lawyer, was writing legal divorce papers on behalf of defendant John Pennington, and defendant county employee Rick Kammerer, and using Snohomish County and Gold Bar servers and equipment to accomplish the document preparation.  Given the circumstances, placing a 12 hour monthly limit on PR request responses is arbitrary and capricious, especially when combined with the arbitrary powers to delay PR requests indefinitely, which the same ordinance also delegated to the mayor. The ordinance constitutes official retaliation against the Plaintiff and other citizens exercising First Amendment rights of speech and petition.

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  12

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

o)  Defendant Gold Bar and officials conspired with Defendant John Pennington and Snohomish County to access and retrieve from the Washington State Patrol and the Federal Bureau of Investigation my criminal history, and the history of other persons exercising First Amendment rights, and to receive and disseminate the same. Though no actual criminal history existed, they disseminated the information ambiguously as though it constituted criminal history.

p)  Defendant Gold Bar and officials conspired with Defendant John Pennington and Snohomish County to access and retrieve my mental health history.  Though they retrieved history for some other person, they characterized it as mine and disseminated it to others in retaliation for my exercise of First Amendment rights.

q)  Defendant Snohomish County's public records officer Diana Rose physically removed county records delivering public records to the City of Gold causing injury to public record/s;

r)  The City of Gold Bar, through its mayor Defendant Beavers, conspired with Defendants Pennington, Reardon, Hulten and Rudicil to post a "attack piece" against Plaintiff on Wikipedia, the on-line encyclopedia.  Though Wikipedia immediately withdrew the "hit piece" Mayor defendant Beavers disseminated a copy of the article to multiple persons, untruthfully claiming it to be embraced by Wikipedia;

s)  Defendants' city and Beavers spread the malicious and untruthful rumor that Plaintiff had huge monetary judgments against her, had been treated at a mental hospital, and had been arrested numerous times.

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  13

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

t) The City and Defendants Crystal Pennington wrongly and untruthfully misrepresented to the Washington Coalition for Open Government that Plaintiff is an unemployed attorney who has been treated in a mental health facility.

u) The Defendants city and Beavers wrongly filed a lien against a residence ( Homestead) owned by me and my partner.

v) The City of Gold Bar and defendants Beavers, Wright and Martin used council meetings to publically ridicule and defame my name.

w) Defendant Gold Bar called Executive Sessions at which time the City and its attorneys mainly discussed "shutting down the Gold Bar Reporters."

x) Defendant Beavers assaulted me by throwing a compact disk of requested city records against my chest upon arriving at City Hall to pick up public records, and issued city press releases critical me.

y) Defendant City of Gold Bar council member/s continue to use private email addresses for government communication;

z) Defendant City of Gold Bar posted settlement offers from me on its city website, but did not post other settlement offers and agreements it made with other citizens.

3.5     Defendant City of Gold Bar refuses to allow public monitoring of its Finance Committee.  The Washington State Auditor in December 2013 issued findings against the city as a result of making inter-loan fund transfers to fund litigation with no means to pay back its loans, and cited the City's Finance Committee for failing to fulfil its duties of providing oversight to city's expenditures.  Defendant City's Finance Committee operates without public postings, allows city officials only to appoint friends to hide

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  14

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

their malfeasance of spending outside of the city's budget, and has no Ordinance permitting such meetings.

3.6     Defendant Snohomish County delegated its public records responsibilities to Defendant Aaron Reardon, who in turn designated public records officers for the County and its departments, delegating to them the obligation to respond to public records requests.  Defendants John Pennington, Jon Rudicil and Kevin Hulten were Snohomish County employees under the supervision of Snohomish County Deputy Director Gary Haackenson, and under direct authority of Defendant Aaron Reardon during all material times. Plaintiff, after learning of Defendant John Pennington's involvement with Gold Bar Mayor Crystal Pennington (nee Hill) regarding personal legal work on government equipment and servers, filed public records requests with Snohomish County and City of Gold Bar seeking copies of electronic communications between Crystal Hill and between John Pennington. Additional PR requests followed incomplete responses, and upon learning that Snohomish County Executive—Defendant Aaron Reardon---was paying with taxpayer money for out of town trysts with two women.   Petitions for recall of elected Snohomish County and City of Gold Bar officials followed, including petitions against Defendants Aaron Reardon and Joseph Beavers, Christopher M. Wright and Florence Davi Martin.

3.7 On or about February 7, 2013, I reviewed via a public records response from defendant City of Gold which included a Wikipedia attack piece about me. Although the Wikipedia attacked piece included information that was not true, they disseminated the information to council members ambiguously as though it constituted truth.

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  15

3.8     On February 14, 2013, the Snohomish County Daily Herald exposed Defendant Snohomish County employees Rudicil and Hulten as two of the authors of the Wikipedia and Twitter attack sites created using county resources.

See (http://www.heraldnet.com/article/20130214/NEWS01/702149999)

3.9     In May 2013, Snohomish County Aaron Reardon Executive resigned partly as a result of the Daily Herald's February 14, 2013 expose', and within one week of Reardon's resignation, Snohomish County Executive John Lovick was appointed to fill Reardon's tenure through 2014. Lovick is currently serving as Executive, and defendants Pennington, Schwarzen, and Parry serve at the will (non-union employees) of Snohomish County Executive Lovick.

3.10    Defendants Snohomish County, Aaron Reardon, John Pennington, Jon Rudicil and Kevin Hulten, Brian Parry and Christopher Schwarzen, ("County defendants") agreed with the Defendant City of Gold Bar and the Defendant City officials to retaliate against the Plaintiff in the ways identified in paragraph 3.4 above.  In addition, the County Defendants agreed with each other, and singly and in combination, retaliated against the Plaintiff for exercising her First Amendment Rights.  Though the list is not exhaustive, the following typify the retaliation caused by the County Defendants:

a) Snohomish Co. instructed Defendant John Pennington concerning "cyber stalking," and used its Sheriff's Officer to gather evidence from Defendant City of Gold Bar and former mayor Crystal Pennington (nee Hill) to attempt to support a citizen criminal complaint subsequently filed by Pennington / Hill against the Plaintiff for cyber stalking.  The complaint failed;

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

b) The Snohomish County refused to investigate or report upon complaints by Plaintiff concerning threats to her and her property;

c) Snohomish County and City of Gold Bar, through Defendants Reardon, Pennington, Beavers, Hulten and Rudicil authored and posted an untruthful and hurtful "article" about the Plaintiff, to Wikipedia, an on-line "encyclopedia" whose content is contributed by the public.  Though the article was removed by Wikipedia some 48 hours later as an "attack piece", Defendants' did published in that forum for two days and was republished by other persons and the Sky Valley Chronicle. At the same time, the Defendants authored and posted to Wikipedia a flattering article about Defendant Reardon;

d) Snohomish County, through Defendants Reardon, Pennington, Parry, Schwarzen, Hulten and Rudicil also sponsored, participated in and encouraged multiple threatening, harmful and untruthful articles directed against Plaintiff and published in an on-line blog known as the Sky Valley Chronicle in collaboration with Defendants Gold Bar and Beavers.   The County Defendants also published and/or contributed to attack pieces on various other internet sites accessible to them, including the Sky Valley Chronicle, the Seattle Times and the Seattle Weekly. The attack pieces accused the Plaintiff, among other things, of being a cyber-stalker, of being professionally unsuccessful, unemployed lawyer, mentally deranged and of being dangerous.

e) Snohomish County, through Defendant Aaron, John Pennington and the Snohomish County Sheriff's Office illegally requested and disseminated criminal records from the Washington State Patrol and the Federal Bureau of Investigation

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  17

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

f)  Snohomish County, through Defendant John Pennington, a non-client of Plaintiff's, filed multiple complaints against Plaintiff with the Washington State Bar Association misusing county resources.

g)  Snohomish County, through defendant's public records officer, Diana Rose, refused to obtain and release public records relating to defendant Pennington's WSBA complaints when she received a public records pursuant to RCW 42.56 by me.

h)  accessed mental health information wrongly attributed to the Plaintiff, wrongly disseminated the information publicly.

i)  Defendants Reardon and Pennington are or were policy making officials within the executive branch of Snohomish County at all times relevant to this complaint. They and the other defendant county officials used Snohomish County resources and time to harass and retaliate against the Plaintiff.

3.11    The retaliation complained of herein has been continuous and on-going up to and including the date of filing this complaint.

3.12    The City of Gold Bar, Snohomish County and the individually named Defendants have conspired and agreed with each other to deprive Plaintiff of her constitutional rights as prohibited by 42 USC § 1983.

3.13    The violations complained of herein result from policy or custom of the City of Gold Bar and/or Snohomish County.

## IV.    42 USC § 1983 CAUSE OF ACTION

4.1    The defendants' retaliation against Plaintiff deprives her of rights secured by the First Amendment to the United States constitution by person who act under color of state

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  18

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

law.  The retaliation wrongly deprives citizens, including Plaintiff, of First Amendment Rights and impermissibly chills exercise of those rights by the plaintiff and similarly situated citizens.

4.2     The adoption by the City of Gold Bar of its Ordinance 10-14 constitutes a wrongful act of retaliation against Plaintiff, depriving her of rights secured by the First Amendment to the United States constitution by persons who acted under color of state law.  The ordinance wrongly deprives citizens, including Plaintiff, of First Amendment Rights and impermissibly chills exercise of those rights by the plaintiff and similarly situated citizens.   In addition, the attempted delegation of arbitrary and capricious authority to administrative officials deprives Plaintiff of liberty and due process rights secured and protected by the First, Fifth and Fourteenth Amendments to the United States constitution.

4.3     The adoption by the City of Gold Bar of its Finance Committee constitutes a wrongful act of retaliation against Plaintiff, depriving her of rights secured by the First Amendment to the United States constitution by persons who acted under color of state law.  The Finance Committee wrongly deprives all citizens, including Plaintiff, of First Amendment Rights and impermissibly chills exercise of those rights by the plaintiff and similarly situated citizens.   In addition, the attempted delegation of arbitrary and capricious authority to friends of Gold Bar administrative officials deprives Plaintiff of liberty and due process rights secured and protected by the First, Fifth and Fourteenth Amendments to the United States constitution.

4.4     The Defendants have conspired with each other to retaliate against the Plaintiff for her exercise of constitutionally secured rights.

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

4.5     The wrongful violations, acts and omissions alleged herein have proximately and actually caused damages to the Plaintiff for loss of earning capacity, out-of-pocket losses, impairment of personal and business reputation, personal humiliation and fear, and mental anguish and suffering in an amount to be proved at trial.

4.6     The Defendants have demonstrated that they intend to continue their wrongful conduct.  The Plaintiff seeks equitable relief in the form of a permanent injunction against the City of Gold Bar from enforcing its Ordinance 10-14 and a decree invalidating the ordinance.

4.7     Plaintiff alleges that the conduct of the individual Defendants was motivated by evil and malicious intent and / or that their conduct involves reckless or callous indifference to the Plaintiffs constitutional rights and that this is a proper case for awarding her punitive damages.

4.8     Plaintiff alleges that this is a proper case for the award of her costs and prevailing party attorney fee as provided by 42 USC § 1988.

## V.     <u>JURY DEMAND.</u>

5.1   Plaintiff, by and through his attorney of record, pursuant to Federal Rule of Civil Procedure 38, demands trial by jury of all issues triable by jury.

## VI.     <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Anne Block demands judgment as follows:

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page  20

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA  98272
Tele: 206-326-9933

A. For a Judgment awarding to Plaintiff against the Defendants, jointly and severally, compensatory damages in the minimum amount of $ 325,000.00 or in such greater amount as shall be proved at trial;

B. For a decree in favor of the Plaintiff against the Defendant City of Gold Bar restraining enforcement of its Ordinance 10-14 and invalidating the ordinance.

C. For a decree in favor of the Plaintiff against the Defendant City of Gold Bar restraining its Finance Committee from any further meetings until such time the city passes an Ordinance notifying the public of all meetings pursuant to RCW 42.30 (Open Public Meetings Act).

D. For a Judgment awarding Plaintiff against the individual Defendants, jointly and severally punitive damages in the minimum amount of $1,000.000.00 or in such greater amount as shall be proved at trial.

E. For an award of costs and prevailing party attorney fees against the Defendants jointly and severally.

F. Such other and further relief as this Court deems just and equitable under the circumstances of this case.

Dated this 18th day of February 2014.

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Block 1983 Litigation Office
Monroe, WA 98272
Tele: 206-326-9933

COMPLAINT FOR 42 USC § 1983 and
42 USC § 1988 RELIEF, page 21

Anne Block, Pro Se
115 ¾ West Main St., Suite 209
Monroe, WA 98272
Tele: 206-326-9933