HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNE BLOCK,<br><br>             Plaintiff,<br><br>       v.<br><br>SNOHOMISH COUNTY, et al.,<br><br>             Defendants. | CASE NO. C14-235RAJ<br><br>ORDER |

The court issues this order to make a record of several ex parte contacts between the chambers of the undersigned judge and Plaintiff.

On the evening of July 29, 2014, after regular business hours, Plaintiff called the main chambers telephone number and left a voice message. In that message, she expressed her belief that the court's July 29 order staying this litigation and imposing restrictions on case-related communication between Plaintiff and Defendants and their counsel was an infringement on her First Amendment rights. She requested that the court modify its order.

On the morning of July 30, 2014, Plaintiff called the same number before regular business hours and left a voice message similar in content to her message from the previous evening. She added that she intended to file an emergency motion to modify the July 29 order.

On the same morning, Plaintiff called the same number, but left no voice message.

ORDER – 1

At 5:00 p.m. on July 30, Plaintiff apparently telephoned another number within the courthouse, and was transferred to the chambers of the undersigned judge. Because transferred calls on the courthouse's phone system do not carry caller identification information from the original caller, a member of the court's staff answered the telephone. The staff member began the conversation with nothing other than a generic greeting used for all incoming calls. Plaintiff spoke uninterrupted for several minutes, again stating that she believed that the July 29 order was an infringement on her First Amendment rights. She stated that she had contacted the ACLU, and that the ACLU had advised her to telephone the undersigned judge's chambers and request a modification of the order. After Plaintiff finished speaking, the staff member advised Plaintiff that she could not make requests for relief from the court via an ex parte telephone call, and that it would be improper for her to continue to do so. The staff member informed Plaintiff that any request for relief from the court must come in the form of a proper motion, filed in court and served on all parties or their counsel. Plaintiff then stated that she would file an emergency motion, and ended the telephone conversation.

On the morning of August 1, Plaintiff called chambers again and left a voice message. This time, she made what she characterized as a "verbal FOIA" request for all chambers telephone records from July 24 to present. She contended that she had evidence that the undersigned judge or a member of his staff had visited a website that Plaintiff controls. She indicated a willingness to pay up to $500 for the costs of complying with her FOIA request.[1]

At about 1:30 p.m. on August 1, a member of the court's staff telephoned Plaintiff and left a voice message informing Plaintiff that she should cease her telephone calls to chambers and that she should communicate to the court through written correspondence

---

[1] The court would not take action on an ex parte request contained in a voicemail in any event, but the court notes for the record that it will not respond to Plaintiff's "verbal FOIA" request, and further notes that the Freedom of Information Act does not apply to the federal judiciary. 5 U.S.C. § 551(1)(B) (excluding "the courts of the United States" from the agencies subject to the Freedom of Information Act").

ORDER – 2

only, with the understanding that any such communications would be made part of the record in this case.

So far as the court is aware, there has been no other ex parte communication between Plaintiff and any member of chambers staff.  The court has not attempted to chronicle telephone calls that did not result in a voice message.  The court has also not attempted, at this time, to chronicle any calls that Plaintiff made to court staff (as opposed to chambers staff).

The court has retained each of Plaintiff's voice messages.

The court reiterates that Plaintiff may not initiate ex parte communications directly with the court unless she has either the express consent of opposing counsel.  The court has instructed its staff that if Plaintiff persists in such efforts, they are to terminate any conversation that Plaintiff initiates politely, but immediately.  The court instructs Plaintiff that if she persists in ex parte communications, the court will work with the United States Marshal for this District to take steps to prevent Plaintiff from making those communications.  Plaintiff may communicate with this court only by way of a document properly filed with the court and served on all parties or their counsel, or with the consent or cooperation of all parties or their counsel.

DATED this 4th day of August, 2014.

_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3