HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNE BLOCK,

    Plaintiff,

  v.

SNOHOMISH COUNTY, et al.,

    Defendants.

CASE NO. C14-235RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion for Attorney Fees (Dkt. # 94) and Plaintiff Anne Block's ("Plaintiff") "Motion to Strike; Motion for Sanctions; Alternative motion to allow consideration of declarations of Anne block and others opposing attorney fees" (Dkt. # 96). For the reasons set forth below, the Court **GRANTS** Defendants' Motion and **DENIES** Plaintiff's Motion or Motions.[1,2]

---

[1] Plaintiff's "motion" for sanctions consists of two sentences requesting sanctions for bringing a frivolous motion. *See* Dkt. # 96 at 1. Plaintiff provides no authority justifying such sanctions. Moreover, since Defendants' Motion has substantial merit, Plaintiff is wrong. The "motion" is **DENIED**.

[2] Defendants request that the Court strike evidence Plaintiff submits in support of her opposition as inadmissible. *See* Dkt. # 103 at 5-6. The Court **GRANTS** Defendants' request. Plaintiff filed five separate declarations and what appears to be a police report (with no authentication) in support of her opposition. *See* Dkt. ## 97-102. Several of these appear to be declarations filed in another case. *See* Dkt. ## 98-101. It is unclear how any of this evidence is relevant to the issues presented by Defendants' Motion. In addition, the Court notes that much, if not all, of the evidence contained in these declarations is inadmissible. For example, in reference to an alleged attempt to have Plaintiff charged with cyber-stalking, Plaintiff declares that "A Snohomish County Prosecutor reviewed the charging document and said 'This is not cyber-stalking!'" *See* Dkt. # 97 (Block Decl.) ¶ 12. Not only is this clearly inadmissible hearsay (*see* Fed. R. Evid.

ORDER – 1

## II.  BACKGROUND

The history of this litigation is long and tortured.  On February 18, 2014, Plaintiff filed a complaint against fourteen Defendants for violating 42 U.S.C. § 1983.  *See* Dkt. # 1.  The basis of her claims, apparently, was that the employees of Snohomish County and the City of Gold Bar conducted a conspiracy to retaliate her in violation of her First Amendment rights.  *See* Dkt. # 1.  On December 1, 2014, this Court granted several of the Defendants' motions to dismiss, finding that Plaintiff had not plausibly asserted a retaliation claim.  *See* Dkt. # 61 at 10.  In that same order, the Court also recounted Plaintiff's abusive conduct against the Defendants in connection with this litigation (*see id.* at 2-3) and reluctantly denied the Defendants' motion for sanctions in connection without prejudice to filing a motion for attorneys' fees after the resolution of the suit (*see id.* at 15-19).

Ultimately, Plaintiff was granted leave to amend her complaint to remedy its many defects.  *See* Dkt. # 61 at 15.  As a result, Plaintiff filed a Second Amended Complaint[3] on December 23, 2014.  *See* Dkt. # 62.  That complaint did not remedy the defects noted by the Court in the December 1, 2014 Order.  Instead, that complaint, coupled with a hundred-page "RICO Statement," proved to violate the strict terms of the December 1, 2014 Order and to fail to state a claim.  *See* Dkt. # 89.  As a result, the Court dismissed Plaintiff's complaint and RICO Statement with prejudice.  *See id.* at 19; Dkt. # 90.

---

801 & 802), there is no indication as to how Plaintiff would have personal knowledge of this fact (*see* Fed. R. Evid. 602), or how this information is relevant to issues of Plaintiff's bad faith (*see* Fed. R. Evid. 401 & 402).  Other claims in her declaration recount the contents of writings but fail to provide the original writing, thereby violating the Best Evidence Rule.  *See* Fed. R. Evid. 1001 & 1002.  The Court will not detail every piece of inadmissible evidence Plaintiff has submitted, not least because she has attempted to introduce tens, if not hundreds of such inadmissible statements.  In any event, none of this evidence is relevant, nearly all of it is made without personal knowledge, and much of it contains inadmissible hearsay statements.  Other portions referencing writings are inadmissible because they do not attach originals of the writings.  The Court declines to consider any of this evidence and will instead strike it as inadmissible and impertinent.  *See United States v. Washington*, 20 F. Supp. 3d 777, 800 (W.D. Wash. 2004) (striking declaration that contained inadmissible evidence).

[3] Plaintiff filed an Amended Complaint on July 18, 2014.  *See* Dkt. # 39.

ORDER – 2

### III.  ANALYSIS

Defendants seek attorneys' fees and costs on three separate grounds.  First, they contend that attorneys' fees are appropriate under 42 U.S.C. § 1988 because Plaintiff's claims were frivolous.  *See* Dkt. # 94 at 7-9.  Second, they argue that their expenses should be awarded under 28 U.S.C. § 1927 because of Plaintiff's unreasonable proliferation of this litigation.  *See id.* at 9-11.  And finally, Defendants argue that Plaintiff has willfully abused the judicial process and may be sanctioned under the Court's inherent authority.  *See id.* at 11-12.

"In addition to relief available under 42 U.S.C. § 1983, § 1988 provides, in relevant part, that 'the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.'" *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (quoting 42 U.S.C. § 1988(b)).  "The Supreme Court has instructed that a prevailing defendant in a § 1983 action is entitled to an attorney's fees award under § 1988 only when the plaintiff's action is 'frivolous, unreasonable, or without foundation.'" *Id.* (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)); *see also Edgerly v. City & Cty. of San Francisco*, 599 F.3d 946, 962 (9th Cir. 2010) (quoting *Patton v. Cty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988)).  Ordinarily, "[a] case may be deemed frivolous only when the 'result is obvious or the ... arguments of error are wholly without merit.'" *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)); *see also Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 852 (9th Cir. 2007) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 n.2 (9th Cir. 1993)) ("The terms 'frivolous', 'unreasonable' and 'without foundation' as used in this context do not have appreciably different meanings.").  Finally, a plaintiff is charged with knowledge of what a "reasonable inquiry into the applicable facts and law" would do.  *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998).

ORDER – 3

In this case, there is little question that Defendants are entitled to an award of attorneys' fees under 42 U.S.C. § 1988. This Court has twice found Plaintiff's claims to be entirely groundless and frivolous. *See* Dkt. # 61, 89. To begin, this Court found Plaintiff's retaliation claims in her original Complaint to be groundless for the simple fact that: (1) she had failed to allege a connection between any retaliatory conduct and a Defendant and (2) even where such a connection was possible to infer, she had not plausibly pleaded that a retaliatory motive was a substantial factor for that conduct. *See* Dkt. # 61 at 11. The Court reluctantly permitted Plaintiff the opportunity to amend her Complaint for the simple reason that Plaintiff's vague and generic pleading made it impossible to categorically conclude that she could not possibly "state a narrow retaliation claim against somebody." *See id.* at 14. Plaintiff did not heed this Court's instructions in amending her Complaint. Rather than remedy the numerous defects noted by the Court, Plaintiff decided to "expand[] this already unwieldy action" and directly violate this Court's instructions by including additional Defendants and alleging new causes of action. *See* Dkt. # 89 at 2-3. Nevertheless, the Court continued to consider Plaintiff's claims – including those newly alleged – for whether they stated a legally plausible claim. They did not. The Court found that Plaintiff's new claims under the Racketeer Influenced Corrupt Organizations Act ("RICO") and Sherman Antitrust Act failed for numerous reasons. Her RICO claim failed simply because she had not alleged a predicate act. *See id.* at 14. Her Sherman Act claim failed because she could not plausibly allege that the Washington State Bar Association ("WSBA") – an entity "named" in direct contravention to this Court's previous Order – had committed actions with an antitrust impact on the market for attorney services in Washington or that the actual Defendants had conspired with the WSBA for any purpose. *See id.* at 16. Finally, with respect to her retaliation claim, the Court noted that not only had Plaintiff failed to remedy the defects in her original Complaint, but she included additional allegations suffering from the same vagueness and plausibility issues. *See id.* at 17.

ORDER – 4

In opposition to Defendants' Motion, Plaintiff asserts that her claims were not frivolous for various reasons. *See* Dkt. # 96 at 5-8. Plaintiff is wrong. This Court declines to address each point in great detail. Suffice it to say that Plaintiff largely repeats arguments that she has previously made and which have already been rejected by this Court.[4] For example, Plaintiff puzzlingly argues that the Court ignored Washington State's conception of bribery (*see* Dkt. # 96 at 7), but this Court specifically discussed the Washington statute in its Order (*see* Dkt. # 89 at 10 (citing RCW 9A.56.110)). Additionally, Plaintiff continues to cite a line of older case authority noting that threats affecting "intangible property" can constitute extortion (Dkt. # 96 at 7), even though this Court specifically noted that the Supreme Court curtailed the reach of this theory in *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393 (2003) (Dkt. # 89 at 10).

In short, the Court finds that Plaintiff's claims to be patently frivolous and, accordingly, that Defendants are entitled to attorneys' fees pursuant to § 1988. Plaintiff's attempts to reargue the merits of her claims are rejected. Despite having twice been informed by this Court and by Defendants that her claims lacked any basis, Plaintiff has continued to pursue them before this Court. Indeed, Plaintiff continued to include allegations that this Court specifically instructed her were meritless.[5] This Court has little recourse but to find that Plaintiff has continued to pursue frivolous, groundless claims even after being informed time and time again of their lack of merit.

---

[4] Plaintiff's "new" arguments similarly do not hold water. First, this Court *did not* permit Plaintiff to allege new claims. It made exceedingly clear that it would "not consider expanding this already unwieldy action until Ms. Block demonstrates that she can state a cognizable [retaliation] claim." Dkt. # 61 at 15. Second, Plaintiff still does not provide a plausible reason for why an employee who committed "domestic terrorism" and embezzled city funds would be paid off for remaining silent – invoking the Watergate scandal does nothing to clarify her reasoning. The Watergate burglars' activities could directly implicate political figures while no such connection exists for Plaintiff's alleged conspiracy. And third, Plaintiff's new allegations that the WSBA was motivated by racism has never been included in her complaints – in fact, Plaintiff does not even allege that *she* was racially discriminated against in her opposition. *See* Dkt. # 62, 70.

[5] For example, Plaintiff repeated Fifth Amendment allegations even though the Court specifically ruled that only federal actors could violate her Fifth Amendment rights. *See* Dkt. # 89 at 2 n.1.

ORDER – 5

Because the Court finds that all Defendants are entitled to attorneys' fees under § 1988, it declines to address whether expenses should be awarded against Plaintiff under 28 U.S.C. § 1927 or under the Court's inherent authority.  Nevertheless, the Court finds that other circumstances further – and substantially – validate Defendants' claims to attorneys' fees because Plaintiff has vexatiously pursued this litigation in bad faith.[6]  Of course, "if a plaintiff is found to have brought or continued such a claim in *bad faith,* there will be an even stronger basis for charging him with the attorney's fees incurred by the defense."  *See C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

Here, Plaintiff's bad faith tactics are well documented and this Court has previously admonished Plaintiff for those antics.  *See* Dkt. # 61 at 15-19.  Indeed, Plaintiff has continued much of her abusive conduct even after the Court specifically forbade Plaintiff from doing so.  For example, the Court specifically ordered Plaintiff to stop using "profanity or abusive invective in her oral or written communications with counsel."  *See* Dkt. # 61 at 18.  Nevertheless, Plaintiff has continued to use such profanity (*see* Dkt. # 80 (Reay Decl.) Ex. C; Dkt. # 95 (Reay Decl.) Exs. A, C) and has continued to use invective to characterize individual Defendants and their counsel in this case (*see* Dkt. # 95 (Reay Decl.) Exs. A-E).  In fact, Defendants present evidence that Plaintiff has continued to harass individual Defendants in this case by sending "investigators" to these individuals' homes under the pretext of being police officers or to serve invalid

---

[6] In connection with its finding of bad faith, the Court **DENIES** Plaintiff's apparent motion to strike the declaration of "Sean Rhay [sic]".  *See* Dkt. # 96 at 1. Plaintiff invokes the general rule that "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."  *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).  Nevertheless, the Ninth Circuit – including in the very cases cited by Plaintiff – has repeatedly made "clear that district courts retain jurisdiction to decide issues regarding attorney's fees after an appeal is taken."  *United States v. Real Property Located at 475 Martin Lane, Beverly Hills, Cal.*, 727 F. Supp. 2d 876, 882 (C.D. Cal. 2010) (citing *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956-57 (9th Cir. 1983)); *see also U.S. ex rel. Shutt v. Cmty. Home & Health Servs., Inc.*, 550 F.3d 764, 766 (9th Cir. 2008) (quoting *Int'l Assoc. of Bridge Local Union 75 v. Madison Indus., Inc.*, 733 F.2d 656, 659 (9th Cir. 1984)) (explaining the "bright-line rule" that attorneys' fee requests are collateral to the main action).  The evidence Defendants provide is directly relevant to show Plaintiff's bad faith.

ORDER – 6

subpoenas.  *See* Dkt. # 81 (Rose Decl.) ¶¶ 3-4; Dkt. # 95 (Reay Decl.) Ex. F.  "Bad faith" means a party or counsel acted "vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975)).  There is little question that Plaintiff has done so here, seemingly using this lawsuit as yet another vehicle in her relentless campaign against the Defendants.

### IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion for Attorneys' Fees (Dkt. # 94) and **DENIES** Plaintiff's Motions (Dkt. # 96).  Defendants may file a declaration and supporting evidence documenting the amount of their reasonable attorneys' fees **within twenty (20) days** of this Order.  Plaintiff is permitted to file an opposition **solely limited to the issue of the reasonableness of the requested attorneys' fees and costs within ten (10) days** of Defendants' filing.

DATED this 5th day of January, 2016.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Court

ORDER – 7